UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

NORMA SULLIVAN, individually and on behalf
of all others similarly situated,

        Plaintiff,

    -against-                         COMPLAINT GERSHON, J.

HEIBERGER & ASSOCIATES, P.C.
JAMIE HEIBERGER
LAWRENCE MCCOURT,
and ROBERT C. EHRLICH,

        Defendants.
------------------------------------------------------------x

        The plaintiff **NORMA SULLIVAN**, (hereafter the "plaintiff" or "Ms. Sullivan")

individually, as well as on behalf of all other persons similarly situated, by her

attorneys Fishman & Neil, LLP, as and for her complaint against the defendants

**HEIBERGER & ASSOCIATES, JAMIE HEIBERGER, LAWRENCE MCCOURT,**

and **ROBERT C. EHRLICH** (hereafter "the defendants") alleges as follows, upon

information and belief, except those allegations which directly relate to plaintiff herself

which are alleged upon personal knowledge, as follows

## PRELIMINARY STATEMENT

        1. This is an action for actual and statutory damages, statutory attorney's

fees and injunctive relief brought pursuant to 15 USC § 1692 *et seq.* ("Fair Debt

Collection Practices Act" or "FDCPA") and the New York Deceptive Practices Act

(General Business Law Art. 22-A § 349) ("DPA").

1

2. The defendants engaged in conduct violative of the FDCPA by issuing a "*boiler plate*" form dunning letter to the plaintiff demanding that she pay the sum of $3,403.11, which was described in the letter as "rent arrears."

3. The plaintiff alleges that the defendants' use of such letter, and its attempt to collect the alleged debt, violated various provisions of the FDCPA as set forth more particularly herein.

4. The plaintiff further alleges that the defendants' conduct was deceptive and misleading within the meaning of the DPA, and that the plaintiff, acting as a "private attorney general" is entitled to an injunction, on behalf of all New York residents, enjoining the defendants from engaging in the conduct alleged herein to be deceptive.

5. The plaintiff further alleges that the defendants' conduct and actions described here are the same, or substantially similar to, the conduct and actions they direct at numerous other persons.

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction of the state law claim asserted herein under 28 U.S.C. § 1367(a). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. The plaintiff is an adult resident and citizen of the State of New York,

2

County of Queens, and is a "consumer" within the meaning of the FDCPA [15 U.S.C. § 1692a(3)].

8.  The defendant Heiberger & Associates ("Heiberger") is a professional corporation engaged in the business of a law firm with a principal place of business at 205 Lexington Avenue New York New York 10016.

9.  The defendant Jamie Heiberger ("Ms. Heiberger") is an attorney, duly admitted to practice before the Courts of the State of New York, and is a member of Heiberger. Ms. Heiberger maintains an office for the practice of law at 205 Lexington Avenue New York New York 10016.

10.  The defendant Lawrence McCourt ("Mr. McCourt") is an attorney, duly admitted to practice before the Courts of the State of New York, and is a member of Heiberger. Mr. McCourt maintains an office for the practice of law at 205 Lexington Avenue New York New York 10016.

11.  The defendant Robert C. Ehrlich ("Mr. Ehrlich") is an attorney, duly admitted to practice before the Courts of the State of New York, and is a member of Heiberger. Mr. Ehrlich maintains an office for the practice of law at 205 Lexington Avenue New York New York 10016.

12.  The defendants are "debt collectors" within the meaning of the FDCPA [15 USC § 1692(a)(6)] in that they regularly engage in the collection, or the attempted collection, of "debts," as that term is defined by15 USC § 1692(a)(6), which are owed, or alleged to be owed, to others.

3

## FACTS PERTAINING TO NORMA SULLIVAN

13.  The plaintiff is a senior citizen and a tenant residing at 61-15 98th
Street Apt. 1J Rego Park, NY 11374.  The plaintiff's tenancy is governed by the
New York City Rent Stabilization Law and Code ("RSL" and "RSC")

14.  The plaintiff's monthly rent is currently not more than $903.11.

15.  The plaintiff has resided in her apartment since 1971.

16.  The landlord of the plaintiff's apartment is Park City, LLC. ("Park City")

17.  On or about December 1, 2003 the defendants commenced a
summary eviction proceeding against the plaintiff on behalf of their client Park
City in the New York City Housing Court, County of Queens, pursuant to New
York Real Property Actions and Proceedings Law § 711 alleging that she was not
residing in her apartment as her primary residence in violation of the New York
Rent Stabilization Law and Code. (*Park City, LLC v.Sullivan*, Index No. L&T
08551/03  (the "eviction proceeding")

18.  Park City's petition in the eviction proceeding included a claim that it
was entitled to recover its attorney's fees from the plaintiff  in an amount not less
than $2500.00.

19.  On December 22, 2003 the plaintiff appeared in the eviction
proceeding and generally denied the landlord's allegations against her.

20.  Prior to that time, on or about December 1, 2003, the plaintiff sent her

4

personal check, in the amount of $903.11, to Park City for her December 2003 rent.

21. On or about December 5, 2003 the defendants sent an unsigned *"boiler-plate"* letter to the plaintiff, on its letterhead, advising, "This firm has been retained to collect a debt consisting of rent arrears totaling $3,403.11...The below named creditor claims that you owe rent arrears as specified." (The "demand letter") (The full demand letter is attached as Exhibit A and is incorporated by reference and made a part hereof) It is not known at this time which of the individual defendants, if not all of them, wrote and/or authorized the demand letter.

22. On or about December 11, 2003 the plaintiff wrote a letter to Park City and the defendants in response to the demand letter disputing the defendants' allegation that she owed any rent arrears.

23. The defendants failed and refused to provide verification of the alleged debt, as required by 15 USC § 1692g, despite the plaintiff's express statement to them denying any liability for their claim.

24. The RSC bars a landlord of a rent stabilized apartment from charging any amount for rent that is in excess of the amount permitted by the RSC.

25. At the time the defendants sent the demand letter to the plaintiff there had been no adjudication of Park City's claims, including its claim for attorney's fees.

26.  On or about March 2, 2004 the Civil Court of the City of New York,

Housing Part A, issued a decision and order granting the plaintiff's motion for

summary judgment dismissing the petition in the eviction proceeding and

awarding attorney's fees to her.

27.  The plaintiff's lease for the subject premises contains a provision

limiting the amount of any attorney's fee claim by the landlord in connection with

any eviction proceeding to no more than one month's rent.

## CLASS ALLEGATIONS

28.     This action is brought as, and may properly be maintained as, a

class action pursuant to FRCP 23(b)(3).  The plaintiff brings this action on behalf

of herself and all members of a class (the "Class"), consisting of:

a.  all persons who are consumers, as defined by the FDCPA, who, in the

one year period prior to the commencement of this action, were sent a letter by

the defendants which is the same or similar to the letter which is attached hereto

as Exhibit A, which contains a demand for the payment of a sum of money that,

directly or indirectly, includes a claim for attorney's fees, before there has been

any adjudication by a court that the defendants, or their client, are entitled to

recover such fees; and

b.  all persons who are "consumers", as defined by the FDCPA, who are

tenants in either a rent stabilized or rent controlled apartment, who, in the one

year period prior to the commencement of this action, were sent a letter by the

6

defendants which includes a demand for a sum of money described as "rent arrears" which consists, in whole or in part, of a claim for attorney's fees; and

c.   all persons who are "consumers", as defined by the FDCPA, who are tenants in a residential apartment, who, in the one year period prior to the commencement of this action, were sent a letter by the defendants which includes a demand for a sum of money which consists, in whole or in part, of claim for attorney's fees; and where the amount of attorney's fees claimed is in excess of the amount permitted under the lease between the defendant's client and any class member.

29.   This proposed class definition is provisional and may be adapted, as appropriate, upon discovery.

30.   The class is so numerous that joinder of all members is impractical.  The plaintiff reasonably believes that during the statute of limitations period letters the same or similar to the one sent to her by the defendants were sent to dozens, if not hundreds, of other persons.

31.   There are questions of law and fact common to the class, which predominate over any questions affecting only the plaintiff. The principal question is whether the defendants' conduct in connection with the use of Exhibit A,  and/or similar letters, violates the FDCPA.

32.   There are no individual questions, other than whether a class member was sent one of the offending letters, which can be determined by ministerial inspection of the defendants' records.

7

33. The plaintiff will fairly and adequately protect the interests of the class. She is committed to vigorously litigate this matter. She is greatly offended and annoyed at being the victim of the defendants' illegal practices and wishes to see that the wrong is remedied. To that end, she has retained competent counsel experienced in handling claims under the FDCPA, class actions and deceptive business practices claims under the DPA. Neither the plaintiff or her counsel have any interests which might deter them from vigorously prosecuting this case.

34. The plaintiff's claim is typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories.

35. A class action is a superior method for the fair and efficient adjudication of this controversy. Most of the persons who receive the offending letter from the defendants undoubtedly have no knowledge that their rights are being violated by illegal debt collection practices. Because the letter is from a law firm many class members undoubtedly paid the sum demanded in the letter because they were too fearful not to, even though the demands in the letter are illegal.

36. The interest of class members in individually controlling the prosecution of separate claims against the defendants is relatively small because the maximum damages in an individual action under the FDCPA is $1,000.00. Management of this class claim is likely to present significantly fewer difficulties than those presented in many other class actions, i.e., securities fraud.

## AS AND FOR A FIRST CAUSE OF ACTION

37. The plaintiff repeats and realleges each and every allegation set forth

above as if reasserted and realleged herein.

38. The defendants' use of Exhibit A violates 15 USC § 1692e(2) which prohibits debt collectors from using any means to collect or attempt to collect a debt which includes a false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

39. The defendants' use of Exhibit A violates 15 USC § 1692f which prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

40. The defendants' use of Exhibit A violates 15 USC § 1692f(1) which prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

41. The defendants violated 15 USC § 1692g(b) which requires debt collectors to provide verification of the debt to any consumer who disputes its validity.

42. As a direct result of the defendants' illegal conduct the plaintiff suffered damage, both pecuniary and non-pecuniary, in the form of anxiety, worry, distress and upset as a result of the defendants' false, deceptive, misleading and illegal demands that she owed over $3400.00 in rent.

43. By reason of the foregoing, the defendants are liable to the plaintiff,

9

and the class she represents, for statutory damages as provided by 15 USC §

1692k(a)(2)(B).

44. The plaintiff, and the class she represents, are entitled to recover costs

and attorney's fees from the defendants pursuant to 15 USC § 1692k(a)(3).

## AS AND FOR A SECOND CAUSE OF ACTION

45. The plaintiff repeats and realleges each and every allegation set forth

above as if reasserted and realleged herein.

46. Exhibit A contains false, deceptive and/or misleading representations,

statements and claims, including, but not limited to:

a. The claim that the plaintiff is liable to the defendants, or their client, for
an amount of rent which exceeds the maximum amount the plaintiff's landlord is
entitled to charge or collect under the Rent Stabilization Law and Code;

b. The claim that the plaintiff is liable to the defendants, or their client, for
legal fees where there has been no adjudication by any court that the defendants
or their client are entitled to recover legal fees;

c. The claim that the plaintiff is obligated to pay legal fees to the
defendants in an amount that far exceeds the maximum amount permitted under
the lease between the plaintiff and her landlord.

47. The plaintiff is a consumer of housing services provided by the

defendants' client.

48. The above statements, representations and claims are false, deceptive

and misleading in a material respect and have the capacity and tendency to

deceive consumers.

49. The above statements, representations and claims did in fact, harm,

10

deceive and/or mislead the plaintiff and caused her both pecuniary and non-pecuniary damage in the form of anxiety, worry, distress and upset as a result of the defendants' false, deceptive, misleading and illegal demands that she owed over $3400.00 in rent.

50. The defendants have engaged in the same or similar conduct with numerous other consumers.

51. The defendants represent numerous owners and/or managing agents of residential real property in the City of New York.

52. The defendants' conduct, as set forth herein, is routinely directed at consumers generally who are residential tenants in buildings.

53. The defendants' conduct, as alleged herein, is not unique to the plaintiff but is instead the same, or substantially similar to, their usual and customary business practices directed generally at such other consumers.

53. All of the conduct alleged herein took place in the State of New York and was directed at consumers residing in the State of New York.

54. The aforementioned conduct described therein constitutes deceptive business practices, in violation of General Business Law Art. 22-A.

55. The plaintiff is acting as a "private attorney general," as authorized by GBL Art. 22-A [GBL § 349(h)].

56. As a "private attorney general," the plaintiff is permitted to seek and obtain injunctive relief barring the defendants from engaging in the false,

11

deceptive and misleading conduct described herein to the extent that such

conduct is, or has been, directed at her as well as at other consumers in New

York State.

57. If the Court fails to enjoin the defendants from engaging in the illegal

conduct set forth herein numerous individuals will suffer irreparable harm.

58. The plaintiff demands judgment against the defendants, pursuant to

GBL § 349(h) enjoining them from:

a. Sending Exhibit A to any consumer in New York State;

b. Demanding that the plaintiff, or any other person residing in residential
housing subject to the Rent Stabilization Law, pay any amount of rent
which exceeds the maximum amount the such person's landlord is entitled
to charge or collect under the Rent Stabilization Law;

c. Demanding that the plaintiff, or any other consumer in New York State,
is liable to the defendants, or their client, for legal fees where there has
been no adjudication by any court, that the defendants or their client are
entitled to recover legal fees;

d. Claiming that the plaintiff, or any other consumer in New York State, is
obligated to pay legal fees to the defendants, or their client, in an amount
that exceeds the maximum amount permitted under the lease between the
such person and their landlord.

59. The plaintiff is entitled to recover attorneys fees from the defendants

pursuant to GBL §349(h).

**WHEREFORE,** the plaintiff demands judgment against the defendants on

the claims set forth above, together with the interest, costs, disbursements of this

action and such other relief as may be just.

## THE PLAINTIFF DEMANDS A JURY TRIAL

Dated: New York, New York
March 24, 2004

Respectfully submitted,

**JAMES B. FISHMAN (jbf 8998)**
FISHMAN & NEIL, LLP
305 Broadway
Suite 900
New York, NY 10007
(212) 897-5840
Attorney for the Plaintiff

*Heiberger & Associates, P.C.*
*Attorneys-at-Law*
*205 Lexington Avenue*
*19th Floor*
*New York, N.Y. 10016*

Date:12/5/03

To:   NORMA C. SULLIVAN
      61-15 98TH STREET APT.1J
      REGO PARK,N.Y.11374

Re: PARK CITY,LLC V. NORMA C. SULLIVAN

This firm has been retained to collect a debt consisting of rent arrears totaling $3,403.11.
Any information obtained will be used for that purpose.

The below named creditor claims that you owe rent arrears as specified. You have 30
days from receipt of this notice to dispute the debt in writing. If you fail to do so, we will
assume the debt to be valid. If you timely notify us, in writing, that you do dispute the
debt, we will obtain verification of the debt and mail same to you. Upon your written
request made within thirty (30) days of the receipt of this notice, we will provide you
with the name and address of the original creditor, if different from the current creditor.

THIS OPPORTUNITY TO DISPUTE THE DEBT IS SEPARATE
FROM ANY ANSWER THAT YOU ARE REQUIRED TO
MAKE, OR ANY ACTION THAT YOU ARE REQUIRED TO
TAKE IN RESPONSE TO ANY OTHER LEGAL NOTICE
THAT YOU RECEIVE. PLEASE RESPOND TO ANY LEGAL
NOTICES YOU MAY RECEIVE WITHIN THE TIME FRAMES
SET FORTH IN THOSE NOTICES.

CREDITOR: PARK CITY,LLC